# UNITED STATES
### *v.*
# DOMINGO MALAVE.

---

San Juan, Criminal, No. 1446.

#### CHANGE OF SENTENCE.

Criminal Proceeding—Common Law.
> 1. Criminal proceedings at common law protect the prisoner on every hand. An amendment of the proceeding against his will cannot be had except where it is in his favor.

Fine—Porto Rico.
> 2. The defendants in Porto Rico, in liquor cases, being usually of the lowest class, the fines are made light. For standard the court has, in sale or transportation cases, made the fine equal the supposed value of the liquor but never less than $10, plus, in all cases, the court costs. For operating a still the minimum fine is $25. Costs will not be remitted, because the clerk's office is supported by them. If a prisoner wishes to pay the pro rata equivalent of the remaining time of imprisonment, it will be permitted.

Opinion filed November 29, 1920.

---

*Mr. Miles H. Martin,* United States District Attorney, for the Government.

United States v. Malave.

HAMILTON, Judge, delivered the following opinion:

1. The principles of the common law protect a prisoner on every hand. He is presumed to be innocent up to conviction, is assigned counsel, and witnesses are procured for him, and he is given every right of appeal, while the government has only a very limited right in that direction. The court cannot direct a verdict of guilty, no matter how clear the evidence may be. Ordinarily, the court may amend its judgment during the term at which it was rendered, but there can be little doubt that this is limited to civil causes at common law. However, there seems to be no reason why the same principle will not apply to criminal cases where the amendment is in favor of the defendant, and particularly where he is brought into open court and assents to it. In the case at bar this action is desired by the defendant himself.

2. The National Prohibition Act is so full as to be obscure, inasmuch as the same point is often treated in several sections. There seems to be no doubt, however, that the court can for the first offense only impose a fine in such cases as having and operating a still, selling, or transporting liquor. And in case of defendants in Porto Rico the fine, especially upon a plea of guilty, should be moderate, for the persons generally brought before the court are of the lowest classes.

In order to have some standard the court has had in mind the following: Where sale or transportation of liquor is concerned, it imposes a fine approximately equal to the supposed value of the liquor, being never less than $10, plus the court costs. The latter generally amounts to $13.70. For having or operating a still a minimum fine has been selected of $25. The

value of the liquor or special circumstances in either case sometimes runs the sentence up to a hundred or several hundred dollars. Sometimes the fine and costs are paid, sometimes the defendant goes to jail on their nonpayment. Under the law he remains there until they are paid, but has the right of making an affidavit of poverty and of being discharged after thirty days. Practically, therefore, the result is that the defendant has the option of paying the fine and costs or of staying in jail for thirty days.

The defendant in the case at bar, like other defendants before him, applies to have the costs remitted on the ground that he has been, say twelve days, in jail. The court, however, cannot remit the costs even by consent. The fine goes into the treasury of the United States, which is not in any special need of funds, while the costs are used for paying the expenses of the office of the clerk of this court, which sometimes needs all the funds which legally belong to it. The court is willing to get at much the same result in a different way, and regard imprisonment as fulfilling pro tanto the judgment, although technically it could not impose imprisonment in the first instance. The court is willing to take the sum of fine and costs in any case and divide it by thirty so as to get at an approximate equivalent for one day's imprisonment in a particular case. Multiplying this by the number of days of actual imprisonment it will take this amount from the total judgment and direct the clerk to receive payment of this difference, and release the prisoner, always provided this is requested or agreed to by the prisoner himself; but there may be exceptions to this practice.

This seems equitable from several points of view. If the

XII. Porto Rico.—8.

United States v. Malave.

prisoner remains in jail for the whole thirty days, he does so at the expense of the government, and when he is released upon affidavit, the government receives no reimbursement whatever. On the other hand, some days in jail will oftentimes serve a good purpose in impressing the judgment on the mind of the prisoner, while at the same time the government is released from expense of imprisonment, and part, at least, of the costs are collected. It is not perceived that anybody is injured by this procedure, when it is done by the consent of the prisoner.

Such is the case at bar, and upon paying this difference to the clerk, the prisoner will be released.

It is so ordered.